UNITED STATES DISTRICT COURT
DISTRICT OF NEW HAMPSHIRE

| | |
|---|---|
| David Doe<br><br>      v.<br><br>Allyson Shea | Civil Case No.: 1:22-cv-00240-LM |

### DEFENDANT ALLYSON SHEA'S NOTICE OF RESERVATION OF RIGHT TO TAKE A FUTURE POSITION ON PLAINTIFF'S REQUEST TO PROCEED UNDER PSEUDONYM

Federal cases usually proceed in the names of the parties. *See* Fed. R. Civ. P. 10(a) & 17(a)(1). As such, there is no mechanism in the Federal Rules of Civil Procedure to proceed pseudonymously. However, in certain "extraordinary circumstances," courts have permitted parties to proceed pseudonymously. *Doe v. Trs. of Dartmouth Coll.*, No. 18-CV-690-JD, 2018 WL 5801532, at *1 (D.N.H. Nov. 2, 2018).

The First Circuit Court of Appeals recently observed that it has "not formulated a test or assessing when parties may proceed under pseudonyms." *Does 1-3 v. Mills*, No. 22-1435, 2022 WL 2526989 (1st Cir. July 7, 2022). In *Does 1-3 v. Mills*, the First Circuit evaluated the likelihood of success of a motion to proceed under pseudonym in the context of a motion for a preliminary injunction. *Id.* at *3. In doing so, the First Circuit used the Third Circuit's multi-factor test from *Doe v. Megless*, 654 F.3d 404, 408 (3d Cir. 2011). *Id.* at *4-5. "Judges within [the U.S. District Court of New Hampshire] have recently utilized some combination of similar factors from the Second and Third Circuit Courts of Appeals." *Doe v. Town of Lisbon*, No. 1:21-CV-944-JL, 2022 WL 2274785, at *4 (D.N.H. June 23, 2022).

Prior to the opinion in *Does 1-3 v. Mills*, the U.S. District Court of New Hampshire recently applied nine factors derived from *Doe v. Megless* in *Doe v. Town of Lisbon* and concluded that the balance of factors weighed in favor of allowing the plaintiff to proceed under a pseudonym. *Id.* at *7. But the Court noted that its ruling was "without prejudice" to a party, or the court, "revisiting the propriety of pseudonymous litigation at a later stage in the litigation." *Id.* at *8 (citing *Does I thru XXIII v. Advanced Textile Corp.*, 214 F.3d 1058, 1069 (9th Cir. 2000) (court should evaluate use of pseudonym "at each stage of the proceedings")).

In another recent case, this Court similarly observed that "the calculus regarding the use of a pseudonym may change depending on the stage of the litigation." *Doe v. Trustees of Dartmouth Coll.*, 2018 WL 2048385, at *7.  *Doe* favorably cited *Cabrera*, a U.S. District Court for the District of Columbia case, for the proposition that "prejudice from use of pseudonym may increase during trial stage." *Id.* (citing *Doe v. Cabrera*, 307 F.R.D. 1, 10 (D.D.C. 2014)).

In *Cabrera*, the court allowed an adult plaintiff alleging assault, battery, and intentional infliction of emotional distress to proceed under a pseudonym through pretrial proceedings, but held that if:

> a trial is ultimately needed to resolve this dispute, then the defendant's ability to receive a fair trial will likely be compromised if the Court allows the plaintiff to continue using a pseudonym, as the jurors may construe the Court's permission for the plaintiff to conceal her true identity as a subliminal comment on the harm the alleged encounter with the defendant has caused the plaintiff.  *See E.E.O.C.*, 2013 WL 5634337, at *3 (recognizing that "grant of anonymity would implicitly influence the jury").  Therefore, if this case proceeds to trial, the plaintiff will not be allowed to use a pseudonym.  *See id.* at *3, *4 (allowing litigants to "remain[ ] anonymous in the pleadings, motions, docket entries, and all written materials filed in th[e] case; however, [ordering anonymous litigants] to appear under [their] legal name[s] in open court").

*Cabrera*, 307 F.R.D. at *10.  But the Court also "emphasize[d] that denying the defendant's motion [opposing anonymity] is necessarily a preliminary determination, requiring the Court to

make the decision based on the plaintiff's allegations and submissions to the Court." *Id.* at *10, n.16. "This ruling should not be read to suggest that the Court may not reverse its position on anonymity should circumstances change, warranting a different result." *Id.* "In that regard, counsel and the parties themselves should appreciate that the Court will not tolerate attempts to gain an advantage through the use of the media, including social media." *Id.* "Therefore, should the parties, their counsel, or others acting on their behalf, cause further *unnecessary* dissemination of public comment about this case, the Court's position on the plaintiff's anonymity, both pretrial and at trial, may change." *Id.*

At this time, Shea takes no position on Plaintiff's request to proceed under a pseudonym because Shea acknowledges that the case is at an early phase and Plaintiff's allegations implicate several factors which may weigh in favor of allowing a plaintiff to proceed anonymously. But Shea reserves the right to assert a position in the future, based on discovery needs, with consideration to media inquiry and coverage, and especially if the case proceeds to trial, and potentially taking into account other factors and/or circumstances. *See Doe v. Town of Lisbon*, WL 2274785, at *8.

                                      Respectfully submitted,

                                      **Allyson Shea**

                                      By her attorneys,

                                      ORR & RENO, PROFESSIONAL ASSOCIATION

Dated:  August 17, 2022        By:    */s/ Elizabeth C. Velez*
                                                   Elizabeth C. Velez, Esq. (NH Bar # 266579)
                                                   Jonathan M. Eck, Esq. (NH Bar #17684)
                                                   45 S. Main Street
                                                   Concord, NH  03302
                                                   (603) 223-9100
                                                   jeck@orr-reno.com
                                                   evelez@orr-reno.com

## **CERTIFICATE OF SERVICE**

    I, Elizabeth C. Velez, certify that on this date service of the foregoing document was made upon counsel of record via the Court's CM/ECF System.


Dated:  August 17, 2022                      */s/ Elizabeth C. Velez*
                                                          Elizabeth C. Velez, Esq. (NH Bar # 266579)